UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> BRIAN MARTIN, et al. <br> Defendants. | No. CR 07-1205 (A) CBM <br><br> ORDER GRANTING DEFENDANTS' MOTION FOR DISCLOSURE OF EXCULPATORY EVIDENCE AND GRANTING IN PART AND DENYING IN PART OTHER DISCOVERY REQUESTS |

The matter before the Court is Defendant Brian Martin's Motion for Disclosure of Exculpatory Evidence (the "Motion") and additional requests for discovery contained in the Motion and made during oral argument. Defendant Travis Zipper joins Martin's Motion. [Doc. No. 97.] The parties appeared before the Court for oral argument and upon consideration of the papers and arguments presented, the Court GRANTS Defendants' Motion and GRANTS IN PART and DENIES IN PART other discovery requests. This Order is consistent with those rulings the Court made orally during the hearing on the Motion.

**LEGAL STANDARD**

It is well-settled that the government has an obligation to turn over evidence

1

1  in its possession that is both favorable to the accused and material to guilt or
2  punishment. *United States v. Agurs*, 427 U.S. 97 (1976); *Brady v. Maryland*, 373
3  U.S. 83, 87 (1963).  This duty extends not only to exculpatory evidence but also to
4  "evidence that the defense might have used to impeach the Government's
5  witnesses by showing bias or interest." *United States v. Bagley*, 473 U.S. 667, 676
6  (1985).  Evidence is material if "there is a reasonable probability that, had the
7  evidence been disclosed to the defense, the result of the proceeding would have
8  been different." *Id.* at 682.
9        However, a defendant's right to discover exculpatory evidence does not
10 include the unsupervised authority to search through the Government's files. *See*
11 *id.* at 675; *Agurs*, 427 U.S. at 111.  Moreover, there is no constitutional right to
12 discovery.  *See Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) ("There is no
13 general constitutional right to discovery in a criminal case, and *Brady* did not
14 create one").
15       Rule 16 of the Federal Rules of Criminal Procedure primarily governs
16 discovery of non-*Brady* material.  In relevant part, Rule 16 provides that "upon a
17 defendant's request, the government must permit the defendant to inspect and to
18 copy or photograph [documents and objects], if the item is within the
19 government's possession, custody, or control and (i) the item is material to
20 preparing the defense; (ii) the government intends to use the item in its case-in-
21 chief at trial; or (iii) the item was obtained from or belongs to the defendant."
22 FED. R. CRIM. P. 16(a)(1)(E).  Information not subject to disclosure includes
23 "internal government documents made by an attorney for the government or other
24 government agent in connection with investigating or prosecuting the case.  Nor
25 does [Rule 16] authorize the discovery or inspection of statements made by
26 prospective government witnesses except as provided in 18 U.S.C. § 3500" or
27 grand jury transcripts.  FED. R. CRIM. P. 16(a)(2)(3).
28

## DISCUSSION

Defendants' Motion is comprised of a request for exculpatory evidence ("*Brady* material") as well as a series of 19 specific discovery requests, only some of which are based on *Brady*. As to Defendants' request for *Brady* material, the Government asserts that it takes its *Brady* obligations with "utmost seriousness" and that it "has thus far complied with its *Brady* obligations and will continue to do so up to and throughout trial." (Gov't Opp. at 1:6-10.) Accordingly, the Court grants Defendants' Motion for *Brady* material to the extent such material exists. As to Defendants' specific discovery requests, the Court has considered the parties' positions and rules as follows:

Request No. 1: GRANTED. The parties have indicated they are willing to exchange witness lists in advance of trial. Accordingly, the parties are ordered to exchange witness lists on or before February 3, 2009. Request No. 1 is otherwise DENIED.

Request No. 2: GRANTED.

Request No. 3: GRANTED, to the extent *Brady* material exists. The Government is ordered to produce any such material on or before February 3, 2009. Request No. 3 is otherwise DENIED.

Request No. 4: GRANTED, to the extent *Brady* material exists. The Government is ordered to produce any such material on or before February 3, 2009. Request No. 4 is otherwise DENIED.

Request Nos. 5(a)-(g): GRANTED, to the extent *Brady* material exists. The Government states that once it determines who it will call as witnesses, it will disclose any criminal history of those witnesses, as well as other information known to the Government relating to the witnesses' credibility. The Government is ordered to produce any such *Brady* material on or before February 3, 2009.

Request Nos. 6(a)-(d): GRANTED. The parties advise the Court that the

Government has made Investigator Robert Harris' file available to Defendants and that Defendants have obtained copies of documents identified by defense counsel as relevant.

Request No. 7: GRANTED, to the extent *Brady* material exists. The Government is ordered to produce any such material on or before February 3, 2009.

Request No. 8: GRANTED, to the extent *Brady* material exists. The Government is ordered to produce any such material on or before February 3, 2009.

Request Nos. 9(a)-(d): GRANTED, to the extent *Brady* material exists. The Government is ordered to produce any such material on or before February 3, 2009.

Request Nos. 10(a)-(b): GRANTED. The Government is ordered to any produce information responsive to this Request on or before February 3, 2009.

Request No. 11: GRANTED. The Government is ordered to produce any information responsive to this Request on or before February 3, 2009.

Request No. 12: GRANTED. The Government is ordered to produce any information responsive to this Request on or before February 3, 2009.

Request No. 13: GRANTED. The Government is ordered to produce any information responsive to this Request on or before February 3, 2009.

Request No. 14: GRANTED. The Government is ordered to produce any information responsive to this Request on or before February 3, 2009.

Request Nos. 15(a)-(b): GRANTED. The parties are ordered to meet and confer on or before January 19, 2009. If the parties determine that working copies of hard drives QLA7 and QLA9 have not already been provided to Defendants, the Government is ordered to provide access to the actual hard drives in the Government's possession on or before January 19, 2009.

Request No. 16: GRANTED. The Government is ordered to produce any

information responsive to this Request on or before February 3, 2009. Request No. 16 is otherwise DENIED.

Request No. 17: GRANTED, to the extent *Brady* material exists. The Government is ordered to produce any such material on or before February 3, 2009. Request No. 17 is otherwise DENIED.

Request No. 18: DENIED. Defendants cite no authority requiring the Government to provide Defendants with notice of all evidence that the Government intends to use in its case-in-chief, which may arguably be subject to a pre-trial motion to suppress. The Government states that it is unaware of any evidence it intends to use that could reasonably form the basis of a motion to suppress.

Request No. 19: DENIED. Defendants have not made any showing that there is a need for AUSA and/or investigative officers' raw notes of witness interviews. However, pursuant to *United States v. Harris*, raw notes of witness interviews are potentially discoverable. 543 F.2d 1247 (9th Cir. 1976). Accordingly, the Government is ordered to preserve all raw notes of witness interviews so that they are available for the Court's *in camera* review should any issue arise requiring such review.

**Requests Not Contained in Motion, But Raised During Oral Argument**

Request for records of telephone calls made by Martin from January 1, 2007 – August 31, 2007: GRANTED. The Government states that it is not withholding any phone records. The parties are ordered to meet and confer to assess what records have already been provided and whether any records are outstanding. The parties shall meet and confer on or before January 27, 2009.

Request for "source" information for text messages Government has produced in this case: GRANTED. The Government states that it has already provided source information for text messages. The parties are ordered to meet and confer to assess what source information has already been provided for text

messages and whether any information is outstanding. The parties shall meet and confer on or before January 27, 2009

If Defendants believe that any evidence that has been requested has not been produced, the parties are ordered to meet and confer to resolve the dispute prior to filing a motion with the Court.

## CONCLUSION

Based on the foregoing, the Court GRANTS Defendants' Motion for Disclosure of Exculpatory Evidence and GRANTS IN PART and DENIES IN PART Defendants' other discovery requests. The Government is ordered to produce the discovery subject to this Order, including any existing *Brady* material, on or before February 3, 2009.

IT IS SO ORDERED.

DATED: January 30, 2009          By _____
                                    CONSUELO B. MARSHALL
                                    UNITED STATES DISTRICT JUDGE