UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN MARTIN, et al.<br><br>Defendants. | No. CR 07-1205 (A) CBM<br><br>ORDER DENYING DEFENDANTS' MOTION FOR PRODUCTION AND INSPECTION OF GRAND JURY TRANSCRIPTS |

The matter before the Court is Defendant Brian Martin's Motion for Production and Inspection of Grand Jury Transcripts (the "Motion"). Defendant Travis Zipper joins Martin's Motion. [Doc. No. 98.] The parties appeared before the Court for oral argument and upon consideration of the papers and arguments presented, the Court DENIES Defendants' Motion.

**BRIEF FACTUAL BACKGROUND**

Defendants Martin, Zipper and Keith Robbison are accused of participating in a conspiracy to extort money by threats and force from various individuals in connection with the collection of a loan. The Government's criminal complaint in this matter is supported by an affidavit from Special Agent Stephanie Talamantez ("SA Talamantez"), who investigated Defendants and who testified before the

1

1  Grand Jury.
2      SA Talamantez first met with Martin on August 20, 2007, along with
3  Special Agent Brian Lewin, at a meeting initiated by Martin to inform the Federal
4  Bureau of Investigation ("FBI") of certain criminal activity of which he was
5  aware. (Talamantez Aff. at ¶ 4.) Although Zipper accompanied Martin to this
6  meeting, he did not participate in the interview. (*Id.*) During this meeting, SA
7  Talamantez states that Martin informed the FBI of his dealings with Kenneth
8  Montlouis, including his actions to recover $500,000 he had invested with
9  Montlouis. (*Id.* at ¶¶ 4(a)-(e).) Following this meeting, SA Talamantez reviewed
10 Martin's arrest record and began interviewing individuals Martin had mentioned
11 during the course of the August 20, 2007 meeting. (*Id.* at ¶¶ 6-18.) Based on SA
12 Talamantez's investigation of Martin and Zipper's activities, she concluded that
13 there was probable cause to believe Martin and Zipper violated 18 U.S.C.
14 § 1951(a). (*Id.* at ¶ 25.)

## LEGAL STANDARD

    Grand jury materials are secret pursuant to Federal Rule of Criminal Procedure 6(e), and should not be disclosed unless ordered by the court. Rule 6(e)(3)(E)(ii) allows a court to authorize the disclosure of a grand jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." FED. R. CRIM. P. 6(e)(3)(E)(ii). "A trial judge should order disclosure of grand jury transcripts only when the party seeking them has demonstrated [that] a 'particularized need' exists which outweighs the policy of secrecy." *Pittsburgh Plate Glass Co. v. United States,* 360 U.S. 395, 400 (1959) (defendant's claim to an absolute right to grand jury transcripts to impeach witnesses rejected).

    To determine whether a defendant has shown a particularized need, a court considers whether "(1) the desired material will avoid a possible injustice, (2)

1  [whether] the need for disclosure is greater than the need for continued secrecy,
2  and (3) that only the relevant parts of the transcripts should be disclosed." *United*
3  *States v. Plummer,* 941 F.2d 799, 806 (9th Cir. 1991). A "heavy burden" is
4  placed on a defendant seeking disclosure, and defendant's particularized showing
5  must overcome the policy of maintaining grand jury secrecy. *Martin v. United*
6  *States,* 335 F.2d 945, 949 (9th Cir. 1964). "[A]s the considerations justifying
7  secrecy become less relevant, a party asserting a need for grand jury transcripts
8  will have a lesser burden in showing justification." *Douglas Oil Co. of California*
9  *v. Petrol Stops Northwest,* 441 U.S. 221, 223 (1979). However, a showing of
10 particularized need must be made even when the grand jury whose transcripts are
11 sought has concluded its operation. *See id.* at 222 ("[T]he interests in grand jury
12 secrecy, although reduced, are not eliminated merely because the grand jury has
13 ended its activities.").

## DISCUSSION

Defendants argue that disclosure is necessary because they believe that SA Talamantez is biased or has an ulterior motive, and, as a result, the testimony provided to the grand jury would also have been biased. (Mot. at 2:3; 3:6-7.) Defendants base their request for grand jury transcripts on the following allegations, which are made in the Motion itself:

1. that Martin was not informed SA Talamantez would be present at a meeting he arranged with secret service;
2. that SA Talamantez made comments at that meeting that Martin made her "sick to her stomach";
3. that SA Talamantez made false allegations against Martin at the meeting, to which he replied were the "dumbest" allegations and that Martin told her at least three times that the allegations were "stupid";
4. that the Government's "reckless allegation" that monies were funneled to Montlouis through Swiss bank accounts, rather than a Wells Fargo account, was created by SA Talamantez;
5. that potential sureties withdrew after SA Talamantez telephoned them; and

      6.      that Defendants "believe" that SA Talamantez has made false statements in order to obtain search warrants and that she orchestrated the entire investigation in a manner to create bias against Martin.

(Mot. at 2:9-3:10.) Defendants do not provide an affidavit or other evidence in support of these allegations.

In further support of their request for grand jury transcripts, Defendants deny the allegations of the indictment. For example, Defendants state that SA Talamantez "knows" that Martin made no actual threats of violence against anyone and that SA Talamantez "knows" that Martin "made clear to her" that he intended to comply with the law in seeking repayment of a loan he made to Montlouis. (Reply at 2:10-16.) Defendants cite to transcripts of court proceedings and interviews where Martin essentially denies the various allegations made against him (some of these transcripts are attached to the Reply). (*Id.* at 3-4.)

Defendants have not provided any evidence that misconduct occurred before the grand jury. In conclusory fashion, Defendants accuse SA Talamantez of bias and some unspecified ulterior motive. There are no facts cited that support Defendants' "belief" that SA Talamantez has made false statements in order to obtain search warrants and that she orchestrated the entire investigation in a manner to create bias against Martin. Defendants essentially state that SA Talamantez must be lying because Martin denies any wrongdoing. This is not enough. "[I]t is well established that "mere unsubstantiated, speculative assertions of improprieties in the proceedings do not supply the particularized need required to outweigh the policy of grand jury secrecy." *United States v. Ferrebouef*, 632 F.2d 832, 835 (9th Cir.1980) (internal citation omitted); *see also United States v. DeTar*, 832 F.2d 1110, 1113 (9 Cir. 1987) ("Speculation cannot justify this court's intervention into the grand jury's proceedings.")(internal citation omitted). Defendants have not shown a particularized need for the grand

jury testimony outweighing the policy of secrecy. Rather, they seek to conduct a "fishing expedition," which does not justify disclosure. *Ferrebouef,* 632 F.2d at 835.

## CONCLUSION

Based on the foregoing, the Court DENIES Defendants' Motion for Production and Inspection of Grand Jury Transcripts.

IT IS SO ORDERED.

DATED: January 23, 2009         By _____
                                CONSUELO B. MARSHALL
                                UNITED STATES DISTRICT JUDGE