UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN MARTIN, et al.<br><br>Defendants. | No. CR 07-1205 (A) CBM<br><br>ORDER GRANTING DEFENDANTS' MOTION TO INSPECT AND PRODUCE PERSONNEL FILES OF FEDERAL LAW ENFORCEMENT OFFICER |

The matter before the Court is Defendant Brian Martin's "Motion to Inspect and Produce Personnel Files of Federal Law Enforcement Officer" (the "Motion"). Defendant Travis Zipper joins Martin's Motion. [Doc. No. 96.] The parties appeared before the Court for oral argument and upon consideration of the papers and arguments presented, the Court GRANTS Defendants' Motion.

## LEGAL STANDARD

Pursuant to *Brady v. Maryland*, the prosecution must disclose to the defense any evidence that is favorable to the accused and material to guilt or punishment. 373 U.S. 83, 87 (1963). This duty extends not only to exculpatory evidence, but also to evidence that may be used to impeach a government witness's credibility. *United States v. Bagley*, 473 U.S. 667, 676 (1985). The

Ninth Circuit has held that *Brady* requires the government to examine the personnel files of testifying law enforcement officers to search for such material. *United States v. Henthorn,* 931 F.2d 29 (9th Cir. 1991). The government's obligation to review the file arises once the defendant requests that it be produced. *Id.* at 30-31.

Following the Ninth Circuit's decision in *Henthorn*, the Department of Justice implemented a policy governing the review of law enforcement officer files to identify potential *Brady* material:

> Under this policy, the files of law enforcement officers are to be examined by the appropriate agency's attorney or his staff. The agency legal staff will notify the federal prosecutor assigned to the case if any potential *Brady* material is found, and the AUSA will then determine whether the information should be disclosed or whether an in camera review by the district court is appropriate.

*United States v. Jennings*, 960 F.2d 1488, 1492 n.3 (9th Cir. 1992).

## DISCUSSION

Defendants request that the Court enter an order requiring the Government to review the personnel file of Special Agent Stephanie Talamantez (who investigated Defendants and who is likely to testify at trial) to determine whether there is any potentially exculpatory evidence contained therein that must be disclosed to Defendants. In response, the Government states that it has already begun implementing its *Henthorn* procedures and that if any *Brady* material is found, it will disclose that material to defense counsel. The Government has further represented that if the material presents a "close-call," it would seek the Court's *in camera* review. Accordingly, the Court grants Defendants' Motion to the extent *Brady* material exists for Talamantez or any other law enforcement officer the Government expects to call as a witness at trial.

## CONCLUSION

Based on the foregoing, the Court GRANTS Defendants' Motion to Inspect and Produce Personnel Files of Federal Law Enforcement Officer to the extent *Brady/Henthorn* material exists. The Government is ordered to produce any such material on or before February 3, 2009. To the extent the Government seeks *in camera* review of any potential *Brady/Henthorn* material, the Government is ordered to submit its request to the Court on or before February 3, 2009.

IT IS SO ORDERED.

DATED: January 23, 2009          By _____
                                 CONSUELO B. MARSHALL
                                 UNITED STATES DISTRICT JUDGE