UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN MARTIN, et al.<br><br>Defendants. | No. CR 07-1205 (A) CBM<br><br>ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTION *IN LIMINE* TO COMPEL RECIPROCAL DISCOVERY AND EXCLUDE UNDISCLOSED DEFENSE EVIDENCE |

The matter before the Court is the Government's Motion *In Limine* to Compel Reciprocal Discovery and Exclude Undisclosed Defense Evidence (the "Motion"). [Doc. No. 123.] The parties appeared before the Court for oral argument and upon consideration of the papers and arguments presented, the Court GRANTS IN PART and DENIES IN PART the Government's Motion.

## LEGAL STANDARD

Pursuant to Federal Rule of Criminal Procedure 16, the Government has a duty to provide the defense with certain evidence during the discovery phase of the trial. Such items include oral statements made by the defendant, recorded

statements made by the defendant, the defendant's prior record, documents and objects, reports of examinations and tests, and the disclosure of expert witnesses. FED. R. CRIM. P. 16(a)(1). Items not subject to disclosure under Rule 16 include work product of the prosecution and grand jury transcripts. *Id.* at (a)(2).

Rule 16 also provides for reciprocal discovery. *Id.* at (b)(1) ("If a defendant requests disclosure under Rule 16(a)(1)(E) and the government complies, then the defendant must permit the government, upon request, to inspect and to copy or photograph [the reciprocal discovery]....") Specifically, Rule 16 provides that a defendant must provide certain reciprocal discovery to the government if the items are in the control or possession of the defendant and the defendant intends to use the information at trial. *Id.* at (b)(1)(A)(i)-(ii).

Under the Jencks Act, statements made by a witness to the grand jury that relate to the subject of his or her testimony at the trial are discoverable by the accused after the witness has testified at the trial. 18 U.S.C. § 3500(a) ("[N]o statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of ...discovery[] or inspection until said witness has testified on direct examination in the trial of the case."). The Jencks Act provides that the Court shall, upon motion of the defendant, order the government to produce any statements in its possession relating to a witness who has testified against the defendant so long as the statements refer to the subject matter the witness testified to on direct examination. *Id.* The Jencks Act does not have a reciprocal provision that requires the defense to disclose the same information to the government.

### DISCUSSION

The Government represents that it has, in compliance with its discovery obligations and at the request of Defendants, produced voluminous discovery in

this case. (Mot. at 2:3-5.) In conjunction with each production, the Government has also requested that the Defendants produce reciprocal discovery pursuant to Federal Rules of Criminal Procedure 16(b) and 26.2. (*Id.* at 2:5-8.)

The Government requests that this Court order that "(1) the [D]efendants comply with their obligations to produce reciprocal discovery and *Jencks* material and (2) any evidence not produced to the [G]overnment by [a certain date] be excluded from the defense case-in-chief unless the Defendants can demonstrate that (a) the evidence is newly discovered, that it could not have been discovered earlier by the exercise of reasonable diligence, and that the defense notified the [G]overnment and the Court as soon as it discovered the existence of this evidence; or (b) that the government introduced evidence in its case in case-in-chief that the defense could not in good faith have anticipated, and in fairness the [D]efendants ought to be able to rebut that evidence by presenting [their] own evidence in the defense case-in-chief." (*Id.* at 2:10-23.)

## I. MOTION TO COMPEL

As to the Government's Rule 16 request, it is clear that Defendants have an obligation to disclose reciprocal evidence. In this case, the Government has produced voluminous discovery in response to Defendants' Rule 16 requests. Therefore, if the Defendants have reciprocal discovery that they intend to use at trial, they are obligated to produce it. Accordingly, the Court orders that Defendants produce any such discovery on or before February 24, 2009.

In contrast to Rule 16, the Jencks Act does not have a provision requiring reciprocal discovery. In addition, the Government does not specify exactly what it is including within its request for reciprocal *Jencks* material. Both of the cases cited by the Government in support of reciprocal *Jencks* discovery involve agreements between the parties to provide such reciprocal discovery. There is no such agreement here. Moreover, the cases cited by the Government are not cases

3

within the Ninth Circuit, but are district court cases from other Circuits. Accordingly, the Court finds no basis to grant the Government's request for alleged reciprocal *Jencks* material and denies the Government's Motion as it relates to this request.

## II. MOTION TO EXCLUDE

The Government requests that this Court exclude any evidence from Defendants' case-in-chief that is subject to Rule 16 that Defendants fail to disclose at this time. (Mot. at 2:15-23.)

Rule 16 provides that "[i]f a party fails to comply with this rule, the court may...prohibit that party from introducing the undisclosed evidence." Further, the Ninth Circuit has held that "[e]xclusion is an appropriate remedy for a discovery rule violation only where the omission was willful and motivated by a desire to obtain a tactical advantage." *United States v. Finley*, 301 F.3d 1000, 1018 (9th Cir. 2002)(internal citations omitted). Therefore, if Defendants fail to disclose reciprocal Rule 16 evidence in violation of Rule 16, such evidence may be properly excluded. At this time, the Court puts Defendants on notice that if reciprocal Rule 16 evidence is not disclosed on or before February 24, 2009 and Defendants are unable to justify their failure to turn over such evidence on or before that date, the Court will exclude the evidence. Accordingly, the Government's request to exclude such evidence is denied, without prejudice.

## CONCLUSION

Based on the foregoing, the Court GRANTS IN PART and DENIES IN PART the Government's Motion *In Limine* to Compel Reciprocal Discovery and Exclude Undisclosed Defense Evidence. Specifically, the Court GRANTS the Government's motion to compel pursuant to Rule 16; DENIES the Government's motion to compel pursuant to the Jencks Act; and DENIES the Government's motion to exclude, without prejudice. To the extent Defendants have not yet

1  produced any reciprocal discovery required under Rule 16, the Court orders
2  Defendants to produce such discovery on or before February 24, 2009.
3
4        IT IS SO ORDERED.
5
6  DATED: February 20, 2009        By _____
                                      CONSUELO B. MARSHALL
7                                     UNITED STATES DISTRICT JUDGE
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28