UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN MARTIN, et al.<br><br>Defendants. | No. CR 07-1205 (A) CBM<br><br>ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT BRIAN MARTIN'S 404(b) MOTION AND (2) GRANTING IN PART AND DENYING IN PART DEFENDANT TRAVIS ZIPPER'S 404(b) MOTION |

The following matters are before the Court: (1) Defendant Martin's Motion for FRE 404(b) Notice of Government's Intent to Use Other Acts, Crimes, Wrongs as Evidence at Trial ("Martin's Motion"), [Doc. No. 115], and (2) Defendant Zipper's Motion for FRE 404(b) Notice of Government's Intent to Use Other Acts, Crimes, Wrongs as Evidence at Trial ("Zipper's Motion"). [Doc. No. 116.] The parties appeared before the Court for oral argument and upon consideration of the papers and arguments presented, the Court GRANTS IN PART and DENIES IN PART Martin's Motion and GRANTS IN PART and DENIES IN PART Zipper's Motion. The Court notes that its ruling on these

1

motions is limited to the evidence identified in the briefing on these motions and does not apply to any specific 404(b) evidence raised by Defendants at oral argument, which was disclosed by the Government after briefing on these motions completed.

## BACKGROUND

The charges in this case arise out of an alleged attempt by Martin to obtain money that he lost through a business investment. The Government alleges that in 2007, Martin invested approximately $500,000 with an individual named Kenneth Montlouis ("Montlouis"). (Second Superseding Indictment ("Indictment") at ¶¶ 7a; 8a.) When Martin did not receive the investment return that he expected, he traveled to Africa with Robbison, where Montlouis was then staying, to recover his money. (*Id.* at ¶¶ 7b, 8a.) Martin and Robbison met with Montlouis in Africa and Martin threatened to harm Montlouis if he did not receive his money back. (*Id.* at ¶¶ 7b; 8b.) Subsequently, Martin had Montlouis imprisoned in Africa. (*Id.* at ¶ 7b.)

After returning from Africa, Martin allegedly attempted to recover his money by threatening Montlouis' girlfriend and some of Montlouis' associates. (*Id.* at ¶¶ 7c, 8d-e.) When Martin was unable to collect money from Montlouis and others, Martin asked an individual in Africa to murder Montlouis. (*Id.* at ¶¶ 8g, i, m.)

In May 2007, Martin learned that an individual named Jonathan Dean ("Dean") owed Montlouis money. (*Id.* at ¶ 7b.) On or about May 7, 2007, Martin, Zipper and Robbison traveled to California to meet Dean at a restaurant. (*Id.* at ¶ 8j.) Martin told Dean that he could pay his debt to Montlouis by giving Martin $500,000. (*Id.*) He purportedly implied that, if Dean did not pay the money, he would be injured. (*Id.* at ¶ 8k.)

Over the next few months, Dean made sporadic payments totaling tens thousands of dollars by depositing money into Zipper's bank account. (*Id.* at

¶¶ 8q-r.) When Dean missed a payment, Martin would send a text message to Dean, implying that he, his family members, or his roommates would be physically harmed. (Indictment at ¶¶ 7h, 8t, u, y, bb, cc, hh, kk.) In addition, in order to induce Dean to pay, Martin, Zipper and Robbison repeatedly informed Dean that Montlouis was going to be physically harmed or murdered at Martin's request. (*Id.* at ¶¶ 7j, 8p, ll, mm.)

## LEGAL STANDARD

Federal Rule of Evidence 404(b) states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." According to the Rule, that same evidence "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown..." FED. R. EVID. 404(b).

Where the alleged evidence is "inextricably intertwined" with the charged offense, the court may admit the evidence without regard to Rule 404(b). *United States v. DeGeorge*, 380 F.3d 1203, 1220 (9th Cir. 2004) (citing *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995)). The Ninth Circuit has recognized two categories of evidence that may be considered inextricably intertwined: (1) where the evidence "constitutes a part of the transaction that serves as the basis for the criminal charge"; or (2) where the evidence is "necessary...to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *Id.*

If the evidence does not fall within one of the two categories, then the court must determine whether the contested evidence satisfies the four-part balancing test for determining admissibility under Rule 404(b). *Id.* Under Rule 404(b), the evidence "may be admitted if: (1) the evidence tends to prove a material point;

1  (2) the other act is not too remote in time; (3) the evidence is sufficient to support
2  a finding that the defendant committed the other act; and (4) (in certain cases) the
3  act is similar to the offense charged." *United States v. Romero*, 282 F.3d 683, 688
4  (9th Cir. 2002) (citations omitted).  If the evidence passes this four-part test, then
5  the court must conduct a Rule 403 analysis to determine whether the effect of the
6  evidence is more probative than prejudicial.  *Romero*, 282 F.3d at 688.

## DISCUSSION

Both Martin and Zipper request that the Court order the Government to provide notice for any evidence the Government plans to introduce at trial that falls under the scope of Rule 404(b). (Martin Mot. at 2:10-12; Zipper Mot. at 2:5-9.) In addition, both Defendants request the Court to exclude certain evidence they believe constitutes improper Rule 404(b) evidence.

### A.   Martin's Motion

Martin first requests that the Court order the Government to provide notice pursuant to Rule 404(b) of any evidence the Government intends to offer at trial that falls within the scope of Rule 404(b). (Martin Mot. at 4:3-4.) Second, Martin argues that evidence of his efforts to collect the debt owed to him by Montlouis should not be admitted because (1) it is not relevant to the present case; (2) it is not admissible to prove Martin's character; (3) there is no nexus between the alleged acts in Africa and the acts that allegedly occurred within the United States; and (4) that the acts in Africa are not an element of this case. (*Id*. at 2:18-28, 3:1-3.)

In this case, some of the evidence relating to Martin's actions relative to Montlouis is inextricably intertwined to the charges in the Indictment.  In particular, evidence that Martin traveled to Africa to recover money he had invested with Montlouis is necessary for the Government to provide a coherent and comprehensible explanation of the commission of the crime.  Specifically, this evidence is necessary for the Government to explain origin of Dean's debt to

Martin and for the Government to establish Defendants' connection to Dean. Accordingly, evidence that Martin traveled to Africa to locate Montlouis, that Martin was unable to recover his investment from Montlouis, and that Martin learned of Dean's existence from Montlouis and his girlfriend, Elvira Garay, is inextricably intertwined and therefore admissible.

In addition, evidence of Defendants' and Robbison's attempts to intimidate Dean by explaining the consequences Montlouis was or would be suffering constitutes a part of the transaction that serves as a basis for the criminal charge insofar as Defendants attempted to intimidate Dean and extort money from Dean by stating Montlouis was either dead or would be murdered shortly. For example, the Government alleges that on June 14, 2007, Robbison was directed by Martin to arrive at Dean's home and tell him that Montlouis was dead and that Robbison was not leaving until Dean paid Martin. (Indictment at ¶ 8p.) In addition, both Defendants made statements to Dean conveying that Montlouis was going to be harmed physically and/or murdered because of his failure to pay Martin the debt he owed. (*See id.* at ¶¶ 8ll, mm.) These statements could be construed by Dean as implying that Dean would face similar consequences if he did not pay Defendants. Accordingly, evidence of Martin's actions against Montlouis, to the extent they were communicated to Dean, is inextricably intertwined and therefore admissible.

In contrast, to the extent Dean was unaware of it (*i.e.*, Defendants or Robbison did not reference it in their threats to Dean), evidence that Martin had Montlouis imprisoned, Martin threatened Montlouis or Martin arranged for Montlouis' murder is neither a part of the transaction that serves as a basis for the criminal charge (extortion of Dean) nor necessary for the Government to provide a coherent and comprehensible explanation of the commission of the crime. In other words, unless Defendants or Robbison told Dean about these actions, the evidence cannot be considered as inextricably intertwined. As discussed in the Court's Order on Defendant Martin's Motion to Dismiss, evidence of Martin's

alleged threats towards Montlouis and Martin's actions in Africa, while relevant to telling the entire story, is not critical for the Government to prove its case. The Government is able to explain Montlouis' connection to Martin and, eventually, Martin's connection to Dean, without introducing evidence of the threatening acts in Africa (including evidence that Martin had Montlouis imprisoned). Moreover, although the scope of the conspiracy is alleged to include these actions, Martin is not charged in the Indictment with committing these acts against Montlouis. Therefore, because this evidence is not inextricably intertwined, the Court must conduct a Rule 404(b) and 403 inquiry in order to determine if such evidence is admissible.

The evidence here does not satisfy the first part of Rule 404(b)'s four-part test, and, its probative value is outweighed by the prejudice to Martin. To the extent Dean was not told that Martin had Montlouis imprisoned, threatened Montlouis and arranged for Montlouis' murder, evidence of those acts has little relevance to proving that Defendants' conspired to extort money from Dean, i.e., it does not prove a material point in this case. More importantly, though, evidence of those acts is highly prejudicial. The danger here is that the jury will conclude that because Martin committed these acts against Montlouis, he must have also threatened Dean.

Accordingly, evidence of actions taken by Martin as to Montlouis is admissible to the extent Dean was aware of such actions, insofar as those actions were conveyed to Dean to induce Dean to pay Defendants, because it is inextricably intertwined with the crimes charged in this case. However, evidence of actions taken by Martin as to Montlouis of which Dean was unaware is not admissible because it violates Rules 404(b) and 403. Of course, if Defendants offer this evidence, thereby changing the Rule 403 balance, the Court may find that Defendants' have "opened the door" to the admissibility of Martin's actions against Montlouis, regardless of whether Dean was told of the actions.

### B. Zipper's Motion

Like Martin, Zipper first requests that the Court order the Government to provide notice pursuant to Rule 404(b) of any evidence the Government plans to introduce at trial that falls within the scope of Rule 404(b). (Zipper Mot. at 2:5-9.) Second, Zipper asserts that the information the Government provided in its discovery disclosure contained information that should be excluded under Rule 404(b). (*Id.* at 2:3-11.) Specifically, Zipper argues that evidence that Zipper allegedly committed improprieties in mortgage/real estate transactions has no "special relevance" to this case and, therefore, should be excluded. (*Id.* at 2:12-13.) In addition, Zipper also appears to request that the Court generally exclude from evidence references to other unspecified uncharged acts or wrongs committed by Zipper in unrelated matters. (*See* Zipper Mot. at 2:10-12) ("Pursuant to Fed. R. Evid. 404(b), 403, Mr. Zipper respectfully requests that this Court exclude from evidence any reference or testimony pertaining to uncharged acts or wrongs committed by Defendant Zipper in unrelated matters.")

As an initial matter, the Court denies Zipper's Motion with respect to his request for the Court to generally exclude unspecified references to other uncharged acts or wrongs committed by Zipper in unrelated matters because there is no specific evidence before the Court to rule upon at this time.

As for evidence regarding Zipper's alleged improprieties in mortgage/real estate transactions, the Government makes no claim that the evidence is inextricably intertwined with the criminal action being prosecuted. Therefore, the Court examines the evidence under the Rule 404(b) and Rule 403. *Romero*, 282 F.3d at 688.

The evidence here does not satisfy the first part of Rule 404(b)'s four-part test, and, therefore should be excluded. Evidence that Zipper may have engaged in prior improprieties in mortgage/real estate transactions does not prove a material point in this case. In addition, the evidence is not similar to the crime

7

charged. In this case, Zipper is not charged with any real estate or mortgage fraud. Instead, he is charged with offenses related to a conspiracy to interfere with commerce by threats and to travel interstate in aid of racketeering activities and receiving the proceeds of extortion. Because the evidence Zipper seeks to exclude does not tend to prove a material point and is not similar to the offense charged, the only purpose the evidence seems to have is improper propensity evidence, which is excludable under Rule 404(b).

## CONCLUSION

Based on the foregoing, the Court GRANTS IN PART and DENIES IN PART Defendant Martin's 404(b) Motion. Specifically, the Court GRANTS Martin's request for Rule 404(b) notice and GRANTS IN PART and DENIES IN PART Martin's request to exclude evidence regarding his acts against Montlouis, subject to the limitations discussed in this Order. The Court also GRANTS IN PART and DENIES IN PART Defendant Zipper's 404(b) Motion. Specifically, the Court GRANTS Zipper's request for Rule 404(b) notice, GRANTS Zipper's request to exclude evidence of mortgage/real estate improprieties, and DENIES Zipper's general and unspecified request to exclude from evidence references to other uncharged acts or wrongs committed by Zipper in unrelated matters. To the extent the Government has not provided notice of any Rule 404(b) evidence it intends to introduce at trial, the Court orders the Government to provide such notice no later than February 24, 2009.

IT IS SO ORDERED.

DATED:  February 20, 2009          By _____
                                      CONSUELO B. MARSHALL
                                      UNITED STATES DISTRICT JUDGE